CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY ALLEN THOMAS, JR., <br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF <br> VIRGINIA, et al., <br> Defendants. | Civil Action No. 7:04-cv-00273 <br><br> By: Hon. Michael F. Urbanski <br> United States Magistrate Judge |

## REPORT AND RECOMMENDATION

The court referred this matter to the undersigned for report and recommendation. Plaintiff, Roy Allen Thomas, a Virginia inmate proceeding pro se, brings this cross motion for summary judgment 42 U.S.C. § 1983 against the Commonwealth of Virginia, Virginia Department of Corrections, the Director and Regional Director, Corrections Officers Major L. Fleming, K. Stapleton, L. Hall and former Warden S.K. Young at Wallens Ridge State Prison ("Wallens Ridge") and the Commonwealth of Virginia.[1] Plaintiff is currently incarcerated at Red Onion State Prison ("Red Onion"). Plaintiff was incarcerated at Wallens Ridge at the time of alleged incidents.

---

[1] The District Court dismissed the claims against both the Commonwealth of Virginia and the Virginia Department of Corrections, an agency of the state, because a state is not a person under 42 U.S.C. § 1983. Thomas v. Commonwealth of Va., No. 7:04cv273, slip op. at 1-2 (W.D. Va. Nov. 10, 2004). See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

The court further found that plaintiff failed to respond to the court's order for specific facts as to the involvement or knowledge of defendants Director and Regional Director of the alleged issue and dismissed them as defendants. Thomas, No. 7:04cv273, slip op. at 2. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982); Slaken v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985).

1

# I

Plaintiff originally made five claims against defendants. Plaintiff alleges a loss of personal property and vandalism.[2] Plaintiff's second claim alleges excessive force resulting in an injury to plaintiff's hand by defendant Officer Stapleton. Plaintiff's third claim alleges that medical personnel at Wallens Ridge were deliberately indifferent to an alleged injury to his hand.[3] Plaintiff's fourth claim alleges he was placed on a restricted loaf diet, which constituted cruel and unusual punishment and confinement conditions. Plaintiff's fifth and final claim alleges he was deprived of his due process rights because he was placed on the restrictive loaf diet without a hearing. The court ordered that plaintiff's first and third claims failed to state a claim and dismissed them as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Thomas, No. 7:04cv273, slip op. at 2.

# II

Under consideration by this court are defendants' Young and Fleming's motion for summary judgment.[4] As a matter of law, summary judgment is appropriate when there are no

---

[2]Plaintiff claimed that Officer K. Stapleton lost his personal property on February 10, 2004, while he was incarcerated at Wallens Ridge. Plaintiff further claimed his property was vandalized. The court found that plaintiff Thomas failed to state a constitutional claim of deprivation of property because state tort remedies existed to remedy any such real claims. Thomas, No. 7:04cv273, slip op. at 4.

[3]The court also dismissed this claim as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Id.

[4]By order dated July 11, 2005, defendants Hall and Stapleton were granted an extension of time to file responsive pleadings. Upon further review, because the complaint and amendments fail to state a claim as to defendant Hall, it is recommended that it be dismissed in its entirety against defendant Hall. Likewise, it is recommended that all but the excessive force claim against defendant Stapleton be dismissed at this time. The excessive force claim against defendant Stapleton will be addressed further once he files his responsive pleadings.

2

genuine issues as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 232 (1986). Summary judgment is appropriate when the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A prisoner proceeding pro se in a § 1983 action may normally rely on detailed factual allegations in his verified pleadings to withstand a summary judgment motion against defendant's motion supported by affidavits. Davis v. Zahradnick, 600 F.3d 458, 460 (4th Cir. 1979). However, although the court may construe factual allegations in a light most favorable to the plaintiff, the court does not have to accept as true "footless conclusions of law" or "unwarranted deductions." Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (internal citations omitted).

### III

The claims against defendants Young, former Warden of Wallens Ridge, and Fleming, Major and Chief of Security at Wallens Ridge are based on their official capacities. Officials acting in their official capacity received a qualified immunity from civil suits so long as, "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Gordon v. Kidd, 971 F.2d 1087, 1096 (4th Cir. 1992). As held by the Supreme Court in Will v. Michigan Dep't of State Police, neither states nor officials acting in their official state capacity meet the standards of "persons" as set forth under 42 U.S.C. § 1983. 491 U.S. 58, 71 (1989). Thus, the claims against defendants Young and Fleming should be dismissed because both defendants are immune from suit in this matter.

Similarly, plaintiff makes no direct allegations against defendant Young or Fleming in relation to his charge of excessive force. Neither defendant was present at the time of the alleged incident. (Defs.' Mot. Summ. J., Fleming Aff. ¶ 5; Young Aff. ¶ 4.) Therefore, it appears plaintiff joined defendants Young and Fleming based solely on their positions as supervisors, and thus seeks to employ the doctrine of respondeat superior. The doctrine of respondeat superior is not applicable to § 1983 claims. Turner v. Kight, et al., 2005 U.S. App. LEXIS 288, at *13 (4th Cir. Jan. 7, 2005); Garrett v. Angelone, 2000 U.S. App. LEXIS 22746, at *4 (4th Cir. Sept. 8, 2000); Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th 1977). Therefore, plaintiff's claims of excessive force are inapplicable to defendants Young and Fleming. Defendants' motion for summary judgment on these grounds should be granted.

## IV

Plaintiff also claims cruel and unusual living conditions alleging the restricted diet loaf[5] he was placed on did not provide adequate nutrition and as a result, plaintiff lost seven pounds. (Pl.'s Supplemental Compl. Form A-315 at 1.) Plaintiff further alleges the loaf was inedible because Officer Stapleton spit and urinated in it. (Pl.'s Supplemental Compl. Form A-315 at 1.) Defendant Young was not involved in the decision to place plaintiff on a restricted loaf diet, which was made by defendant Fleming after plaintiff threw food at Officer Stapleton. (Defs.' Mot. Summ. J., Young Aff. ¶ 12; Fleming Aff. ¶11.) Because plaintiff fails to allege facts concerning defendant Young's involvement in the decision to place him on restrictive feeding,

---

[5] A diet loaf is served to inmates placed on restricted feeding status. Any inmate that throws food at an Officer may be placed on restricted feeding by the Warden or his designee. (Defs.' Mot. Summ. J., Fleming Aff. ¶ 7.) The diet loaf is a mixture of flour, eggs, celery, tomato juice or puree, ground beef lard, red beans, cabbage, carrots, potatoes, shortening or salad oil and powdered milk. (Defs.' Mot. Summ. J., Fleming Aff. ¶ 10.)

4

plaintiff's claim of inadequate nutrition against defendant Young should be dismissed.

Similarly, plaintiff's claim of cruel and unusual living conditions against defendant Fleming should be dismissed. Although Fleming did make the decision to place plaintiff on restrictive feeding status, there is no evidence that this diet is inadequate or meets the standards of cruel and unusual conditions. In Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993), the Fourth Circuit held that a prisoner must suffer, "serious or significant physical or mental injury" in order to be "subjected to cruel and unusual punishment within the meaning of the" Eighth Amendment. Defendant Fleming's affidavit indicates that the diet loaf contains 1250 calories and is served twice daily for a total of 2500 calories per day. (Defs.' Mot. Summ. J., Fleming Aff. ¶ 10.) Plaintiff does not provide any evidence to the contrary, nor any medical evidence to substantiate his claim that he lost weight. Courts have also repeatedly rejected claims that a diet loaf violates a prisoner's constitutional rights. See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (holding temporarily serving loaf diet does not invoke Eight Amendment protections); Williams v. Berge, 2004 U.S. App. LEXIS 13364, at * 2-3 (7th Cir. June 24, 2004) (holding prisoners have no right to tasty or appetizing food so long as they are not being deprived of adequate nutrition). Because there is no evidence to support plaintiff's allegations against Officer Fleming of cruel and unusual conditions, and no direct allegations of his knowledge or involvement in any alleged cruel or unusual conditions, defendants' motion for summary judgment should be granted and this claim dismissed as against him.

Further, plaintiff now indicates that he did not eat the diet loafs served to him because he believed they had been urinated and spit on by Officer Stapleton. (Pl.'s Supplemental Compl. Form A-315 at 1.) As such, he can claim no injury based on the alleged contaminations of his

5

diet loaf. To the extent Thomas claims that this contamination caused him to miss a meal, such an allegation lacks constitutional dimension. See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding the fact that a prisoner may have missed a meal does not rise to the level of cruel and unusual punishment). See also Rodriguez v. Briley, 403 F.3d 952, 952 (7th Cir. 2005) (holding a prisoner's refusal to conform to prison rules resulting in a loss of meals does not reach the level of a constitutional violation because in essence, the prisoner, "punished himself"). As such, Thomas' fourth claim, alleging cruel and unusual punishment based on the diet loaf, is dismissed as to all defendants.

V

Plaintiff also claims that his procedural due process rights were violated when he was placed on a restrictive diet without a hearing. (Pl.'s Compl., Reg. Grievance Form at 6.) The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 484 (1995), a restraint imposed on a prisoner does not rise to the level of an Eighth Amendment claim unless it, "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See also McLamb v. Dugger, 1996 U.S. App. LEXIS 3211 at *6 (4th Cir. Feb. 28, 1996). Plaintiff provides no evidence that being placed on the restricted loaf diet imposes any such hardship. On the contrary, defendants' evidence as to the procedure and nutritional content of the loaf refutes such an assertion. Defendants also provide evidence that restrictive feeding is not a disciplinary penalty requiring a hearing. (Defs.' Mot. Summ. J., Young Aff. ¶ 12.) As stated in the evidence provided by defendants, restrictive feeding is a decision made by security officers, and not Inmate Hearing Officers ("IHO"). Inmates who throw food or drink at Officers may be placed on restricted feeding in accordance with Division Operating Procedure 414. (Defs.' Mot. Summ. J.,

Fleming Aff. ¶ 7. Plaintiff was placed on restrictive feeding for no longer than seven days. (Defs.' Mot. Summ. J., Fleming Aff. ¶ 5.)

Plaintiff did receive a disciplinary charge for simple assault upon a non-inmate for throwing food at Officer Stapleton. (Defs.' Mot. Summ. J., Young Aff., Enclosure B- Notice of Hearing Date.) On March 24, 2004, plaintiff was present and plead not guilty at a disciplinary hearing. Plaintiff was found guilty and sentenced to ten days in isolation for the infraction. Five days were suspended because of plaintiff's transfer to Red Onion. (Defs.' Mot. Summ. J., Young Aff., Enclosure D- Disciplinary Offense Report.) Plaintiff has failed to refute this evidence that he was given an opportunity to be heard at the disciplinary hearing for the food throwing incident. Therefore, the undersigned finds plaintiff's claim that his procedural due process rights were violated to be without merit. Summary judgment should be granted to all defendants as to count five and this claim dismissed in its entirety.

## VI

Plaintiff also fails to provide any facts or allegations of fact regarding defendant Hall's alleged knowledge or involvement in any of the alleged incidents charged in plaintiff's complaint. To state a cause of action under § 1983, a plaintiff must allege that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that the deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Although plaintiff has been given considerable opportunity to amend his complaint and has done so, his allegations against defendant Hall fail to clearly state allegations against her regarding his remaining claims. As such, all of plaintiff's claims against defendant Hall should be dismissed.

## VII

In conclusion, it is recommended that Count Four (cruel and unusual punishment relating to diet loaf) and Count Five (due process relating to diet loaf), be dismissed in their entirety.

It is further recommended that all claims against defendants Fleming, Young and Hall be dismissed. Left remaining is Count Two (excessive force) against defendant Stapleton, which will be addressed following filing of his responsive pleading.

## VIII

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

**ENTER:** This 28th day of July, 2005.

Michael F. Urbanski
United States Magistrate Judge