CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 9 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY ALLEN THOMAS, JR., <br>     Plaintiff, | Civil Action No. 7:04-cv-00273 |
| v. | By: Hon. Michael F. Urbanski <br>     United States Magistrate Judge |
| COMMONWEALTH OF <br> VIRGINIA, et al., <br>     Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, Roy Allen Thomas, a Virginia inmate proceeding pro se, brought suit under 42 U.S.C. § 1983 against a number of parties for alleged constitutional violations occurring while he was housed at Wallens Ridge State Penitentiary ("Wallens Ridge"). Plaintiff is currently incarcerated at Red Onion State Prison ("Red Onion").

At the time of this report and recommendation, aside from defendant K. Stapleton, all defendants have either been dismissed from this action or recommended to be dismissed from this action. Defendant Stapleton has filed a motion for summary judgment to which plaintiff has responded. Having reviewed these filings and the record, it is the recommendation of the undersigned that defendant Stapleton's motion for summary judgment be granted and this case stricken from the active docket of the court.

I

Count 2 of plaintiff's complaint alleges that defendant Stapleton slammed plaintiff's right hand in the tray-door slot of his cell door. (Compl. at 2.) Plaintiff states that he got onto his control button for help and requested that a nurse be sent to his cell. Id.

Medical records submitted in support of plaintiff's complaint note that plaintiff indicated to the nurse that his hand had been slammed in the cell door. (See Docket No. 4, at 1.) Plaintiff

did not appear in any apparent distress although the nurse noted "finger slight edematous and red." Id. The records indicate that plaintiff was instructed to apply a cool compress to his hand and that he was placed on the sick-call list for further evaluation. Id. Although the records are incomplete, they indicate that a x-ray was later taken of plaintiff's hand. Id.

In an affidavit included with his motion for summary judgment, defendant Stapleton testifies that he was an officer at Wallens Ridge at the time of the events leading up to this suit but that he is no longer employed by the Virginia Department of Corrections ("VDOC"). (Stapleton Aff. ¶ 1.) He states that on March 17, 2004, while collecting food trays on plaintiff's pod, he approached plaintiff's cell and instructed plaintiff to place the metal tray on the tray slot. Id. ¶ 4. Stapleton states that without warning or provocation, plaintiff threw mustard out of the tray slot, striking him in his waist and upper leg. Id. Stapleton testifies that he immediately closed and secured plaintiff's tray slot and informed a prison lieutenant that plaintiff had thrown mustard at him. Id. Stapleton claims that had plaintiff's hand been in the slot, he would not have been able to close and secure the slot without any resistence on the first attempt. Id.

Stapleton states that as a result of this incident, plaintiff was charged with offense code 239a, simple assault upon a non-inmate. Id. ¶ 6. Stapleton denies creating a charge to cover up slamming plaintiff's hand in the tray slot in retaliation for plaintiff having filed grievances against him. Id. ¶ 7. He states that following this incident, he was transferred to another unit of the prison where he continued to work until he left the prison on short-term disability. Id. ¶¶ 9-10.

In his response to defendant Stapleton's motion for summary judgment, plaintiff takes issue with some of the information provided by Stapleton. (See Docket No. 55.) Specifically, plaintiff contends (a) that he had been served a "white turkey meal" on the day of the alleged

2

incident, and not a bologna sandwich, as Stapleton indicated; (b) that mustard on prisoner's food trays is placed into slots on the trays and not "small cups" as defendant indicated; (c) that as plaintiff is thirty-two years old, he would not be upset with receiving a bologna sandwich, as suggested by defendant Stapleton; (d) that the food trays at Wallens Ridge are not metal, as Stapleton suggested; and that (e) the tray was pushed into the cell following the incident. Id. at 1-5. Plaintiff again states that this incident resulted in skin being removed from his hand. Id. at 7. Plaintiff indicates that the only person he spoke with in the course of the whole incident was the nurse who treated him. Id. at 10.

Although plaintiff states that he has "lost feeling in his fingers on his right hand," id. at 11, the only medical record submitted by plaintiff was the same one he had submitted previously documenting the fact that plaintiff had been instructed by a nurse to apply a cold compress to deal with the slight swelling and redness in his fingers. (See Docket No. 57, Attach. 1, at 1.)

## II

As a matter of law, summary judgment is appropriate when there are no genuine issues as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 232 (1986). Summary judgment is appropriate when the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A prisoner proceeding pro se in a § 1983 action may normally rely on detailed factual allegations in his verified pleadings to withstand a summary judgment motion against defendant's motion supported by affidavits. Davis v. Zahradnick, 600 F.3d 458, 460 (4th Cir.

3

1979). However, although the court may construe factual allegations in a light most favorable to the plaintiff, the court does not have to accept as true "footless conclusions of law" or "unwarranted deductions." Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (internal citations omitted).

### III

Section 1983 does not create substantive rights, rather it merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). Thus, analysis must begin by identifying the specific constitutional right allegedly infringed by the challenged application of force. Id. at 394. Here, plaintiff has alleged violations of her Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" by a prison guard on an inmate. See Whitley v. Albers, 475 U.S. 312, 320 (1986).

To prove a claim that prison officials used excessive force, an inmate must satisfy both a subjective and objective requirement Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir.1998). The subjective requirement asks whether a prison guard applied force in a "good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The objective element requires him to show that corrections officers' actions, taken contextually, were objectively harmful enough to offend contemporary standards of decency. Stanley, 134 F.3d at 634.

Evidence is sufficient to satisfy the subjective requirement, and will allow the case to proceed to a jury trial, if it supports a reliable inference of wantonness in the infliction of pain. Id. Federal courts afford corrections officers great deference in quelling disturbances and retaining control over prisoners. See id. at 635-36. Corrections officers cross this line, however,

4

when they punish an inmate for verbal abuse, or no reason at all. Id. Inmates cannot satisfy this element if, for instance, they kick guards when guards have responded in a good faith effort to restore order. If, however, a particular beating was motivated by racial hatred or for verbal abuse to the guards, however, then the inmate can satisfy this element.

If the inmate can meet the subjective element, he must then show that the corrections officers' actions, taken contextually, were objectively harmful enough to offend contemporary standards of decency. Id. Here, the force applied and the seriousness of the resulting injury must be weighed against the need for the use of force and the context in which that need arose. Id. For example, the infliction of pain in the course of a prison security measure is not cruel and unusual simply because the degree of force applied was unreasonable in retrospect. Id. When, for example, a placid prisoner is held and beaten by guards in response to a verbal altercation, the objective element is met more easily. Id. The resolution of this objective element depends on the facts and circumstances of the actual incident, including what precipitated it.

Here, defendant contends that plaintiff's injuries arose when a prison guard attempted to close a tray door after plaintiff allegedly threw mustard at him. Plaintiff, however, has responded that he did not throw mustard at the officer, that there are factual inconsistencies in the officer's testimony, and that because he was thirty-two years old, he would not have thrown mustard at a guard over something as trivial as disliking his bologna sandwich. Such factual disputes would typically prohibit the court from granting defendant's motion for summary judgment.

However, in this case, the extent to which plaintiff was injured is minor, not in dispute, and falls into the de minimis exception to § 1983. Although plaintiff contends that he has lost feeling in two of his fingers, he has provided nothing to support this contention; the records that he has provided provide support for the version of events proffered by defendant. De minimis

5

injuries are not actionable under § 1983. When injuries are de minimis, excessive force claims fail except in extraordinary circumstances. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Mere swelling, tenderness, bruising, and mild abrasions are considered de minimis in this circuit. See, e.g., Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998) (finding swelling in the jaw, abrasions to wrists and ankles, and tenderness over some ribs to be de minimis). Here, plaintiff has alleged only minor injuries – specifically, slight redness and swelling in his fingers that he was advised to treat through the application of a cold compress. As a result, there is no genuine issue of material fact in dispute that plaintiff's injuries are anything other than de minimis.

However, even if a prisoner's injuries are de minimis, he may still recover if "extraordinary circumstances" are present. See Norman, 25 F.3d at 1263. Extraordinary circumstances are present when the force used is "diabolic," "inhuman," or repugnant to the conscience of mankind, or the pain itself constitutes more than de minimis injury. Id., at 1263, and n.4 (citing Hudson, 503 U.S. at 8). Under such circumstances, even relatively minor injuries could constitute excessive force in violation of the Eighth Amendment. In this case, plaintiff's allegations, do not, in any respect, reach the level of "diabolic," or "inhuman" conduct, or that which is repugnant to the conscience of mankind. Plaintiff alleges that a guard slammed his hand in a cell door in the course of removing his lunch tray. Even taking all of plaintiff's allegations as true, what plaintiff alleges is a minor physical assault by a guard on a prisoner that resulted in de minimis injuries. As such, plaintiff's allegations do not rise to the level of "extraordinary circumstances."

Therefore, it is appropriate to grant defendants' motion for summary judgment. Plaintiff's injuries were <u>de</u> <u>minimis</u>, and as such, are not actionable under § 1983. As such, it is recommended that defendant's motion for summary judgment be granted.

## IV

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

**ENTER:** This 9th day of August, 2005.

_____
United States Magistrate Judge