CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ROY ALLEN THOMAS, JR., | )<br>) Civil Action No. 7:04-cv-00273<br>) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER ADOPTING REPORT**<br>) **AND RECOMMENDATION**<br>) |
| COMMONWEALTH OF VIRGINIA, et al., | )<br>)<br>) By: Samuel G. Wilson<br>) United States District Judge |
| Defendants. | ) |

Plaintiff Roy Allen Thomas, Jr., brings this action under 42 U.S.C. § 1983 against various officials at Wallens Ridge State Prison, raising claims of excessive force, cruel and unusual punishment, and due process violations.[1] This matter is before the court on two Reports and Recommendations of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). In a Report and Recommendation filed July 28, 2005, the Magistrate Judge found that Thomas had failed to state claims against Corrections Officer Major L. Fleming and Warden S. K. Young and recommended that the court grant summary judgment to Fleming and Young on each of Thomas' claims. The Magistrate Judge also found that placing Thomas on diet loaf without a hearing did not subject Thomas to cruel and unusual punishment and did not violate due process and

---

[1] Thomas also originally claimed loss of personal property, vandalism, and deliberate indifference, but the court dismissed those claims by order dated November 10, 2004. Thomas has filed a notice of appeal pertaining to that order. The order did not dispose of all of Thomas' claims and the court did not certify Thomas' appeal as interlocutory; therefore, Thomas seeks appeal from an unappealable order. As such, this court retains jurisdiction to adjudicate Thomas' remaining claims. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (holding that a notice of appeal "divests the district court of its control over *those aspects of the case involved in the appeal*") (emphasis added) ( citing with approval Ruby v. Secretary of United States Navy, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) (holding that notice of appeal from unappealable order does not divest district court of jurisdiction)).

recommended dismissal of those claims. Finally, the Magistrate Judge found that Thomas had failed to state a claim of excessive force against Corrections Officer L. Hall and recommended dismissal of Thomas' excessive force claim as to Hall. In a Report and Recommendation filed August 9, 2005, the Magistrate Judge recommended dismissal of Thomas' claim that Officer K. Stapleton used excessive force against him by slamming the tray-door slot of his cell on Thomas' hand because Thomas' alleged injury was de minimis and therefore not actionable under the Eighth Amendment.

Upon de novo review of the Report, the objections, and relevant portions of the record, the court adopts the Magistrate Judge's findings and recommendations with one modification. Thomas claims that Officer K. Stapleton subjected him to cruel and unusual punishment when he spit and urinated in his diet loaf for one week and that he did not eat the loaf because of the alleged contamination. The court will give Thomas 10 days from entry of this order to submit pleadings clarifying the factual and evidentiary bases of this claim. Failure to do so will result in dismissal of the claim.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Reports and Recommendations are **ADOPTED** as modified. All of Thomas' claims, except for his claim of cruel and unusual punishment against Officer K. Stapleton, are hereby **DISMISSED**. The court **GRANTS** Thomas 10 days to submit further pleadings regarding his cruel and unusual punishment claim against Officer K. Stapleton.[2] The Clerk is directed to send certified copies of this order to the petitioner and counsel for the respondent.

---

[2] The court makes clear that the only claim not yet dismissed is Thomas' claim that Officer K. Stapleton spit and urinated in his food. It is this claim of which the court seeks clarification.

**ENTER:** This 22nd day of August, 2005.

                                                       UNITED STATES DISTRICT JUDGE